FEUDO, APPELLANT, *v.* PAVLIK ET AL., APPELLEES.

(No. 54638—Decided December 12, 1988.)

*Spangenberg, Shibley, Traci & Lancione* and *John G. Lancione,* for appellant.

*Reminger & Reminger* and *George S. Coakley,* for appellees.

NAHRA, J. This is an appeal from the court of common pleas' decision granting summary judgment in favor of the defendants, Thomas C. Pavlik and Sindell, Sindell & Rubenstein, on the basis that plaintiff's action was not timely filed. Plaintiff Raymond Feudo had sought damages for losses sus-

tained as a result of the alleged legal malpractice of defendants.

In his complaint, plaintiff alleged that as a result of defendants' legal malpractice several debts had not been discharged in his bankruptcy proceeding. Plaintiff alleged that defendants' representation continued until a final order in his appeal from bankruptcy court was issued on August 19, 1985. Plaintiff's complaint in the instant case was filed on April 2, 1986.

Defendants moved for summary judgment, claiming that the action was not filed within the one-year statute of limitations applicable to attorney malpractice actions. Defendants supported their motion with the deposition transcripts of plaintiff and attorney Richard Baumgart and letters from plaintiff to defendant Thomas Pavlik, arguing that the evidence demonstrated that the plaintiff should have discovered that he was injured by defendants by March 28, 1985 and that the attorney-client relationship terminated at the latest on March 28, 1985. In opposition, plaintiff argued that the attorney-client relationship continued up to the time when the district court ruled on the appeal of the bankruptcy case in August 1985. Plaintiff submitted with his brief the affidavits of plaintiff, attorney Richard Baumgart and attorney John Lancione.

The trial court granted defendants' motion for summary judgment. Plaintiff has timely appealed, raising the following assignment of error:

"The trial court erred in granting the motion for summary judgment of defendant-appellee [sic] on September 22, 1987."

Appellant argues that there is a genuine issue of material fact on the question of the timeliness of the filing of the lawsuit and that, therefore, summary judgment was erroneously granted.

Appellant alleged that appellee Thomas Pavlik committed legal malpractice in his representation of appellant in a bankruptcy proceeding. As provided in R.C. 2305.11(A), an action for malpractice "shall be brought within one year after the cause thereof accrued * * *."

In the syllabus of *Frysinger* v. *Leech* (1987), 32 Ohio St. 3d 38, 512 N.E. 2d 337, paragraph one of syllabus, the Ohio Supreme Court has recently stated:

"Under R.C. 2305.11(A), a cause of action for medical malpractice accrues and the one-year statute of limitations commences to run (a) when the patient discovers or, in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (b) when the physician-patient relationship for that condition terminates, whichever occurs later. (*Oliver* v. *Kaiser Community Health Found.* [1983], 5 Ohio St. 3d 111, 5 OBR 247, 449 N.E. 2d 438, explained and modified.)"

*Frysinger* changes the prior law on when a malpractice cause of action accrues to include either when the resulting injury is discovered or should reasonably have been discovered or when the professional relationship for that condition terminates, whichever occurs later. The *Frysinger* rule has been extended to legal malpractice cases. *Omni-Food & Fashion, Inc.* v. *Smith* (1988), 38 Ohio St. 3d 385, 528 N.E. 2d 941.

In granting appellees' motion for summary judgment which was based upon appellant's failure to comply with the applicable statute of limitations, the trial court apparently determined that appellant's action was not commenced within one year of the accrual of the cause of action. Upon our review of the record, we find that appellant's action was timely filed and that, consequently, the trial court erred in grant-

ing appellees' summary judgment motion.

In their summary judgment motion, appellees argued that appellant should have discovered that his injuries were caused by appellees at the very latest on March 28, 1985 and that additionally the attorney-client relationship terminated, at the latest, as of March 28, 1985. Appellees submitted deposition testimony of appellant and attorney Richard Baumgart that appellant consulted Baumgart on March 28, 1985 for possible help with his case. Appellees maintained that the deposition testimony as well as the affidavits of appellant and attorneys Baumgart and Lancione, as submitted by appellant, demonstrated the disintegration of the attorney-client relationship. Appellees conceded that appellee Pavlik's representation was "nominally continuous until the appeal was decided," but "ceased being an exclusive attorney-client relationship as of March 28, 1985."

Appellant countered with affidavits from himself and attorney Baumgart which revealed that appellant did consult Baumgart to determine if he could help in the appeal process, but that appellant was advised to wait until the court's decision. In Baumgart's deposition, Baumgart states that he never had an understanding with appellant that he would represent him.

It is apparent from the record that the attorney-client relationship between appellant and appellees continued through the appeal period. Appellees conceded that appellee Pavlik did continue to work on the appeal. Consultation with another attorney about possible assistance with his case did not terminate that relationship. Appellees place great reliance on *Brown* v. *Johnstone* (1982), 5 Ohio App. 3d 165, 5 OBR 347, 450 N.E. 2d 693, for the proposition that conduct which dissolves the essential mutual confidence between attorney and client signals the termination of the attorney-client relationship. However, we find that case distinguishable as there the client initiated grievance proceedings before the local bar association and had no further contact with his attorney after that. Mere discussions with a second lawyer about a case, as in the instant case, unbeknownst to the first lawyer, do not signal the termination of the attorney-client relationship with the first lawyer.

For the foregoing reasons, we find that appellant's action was commenced within one year after the cause of action accrued. Accordingly, the trial court erred in granting appellees' motion for summary judgment.

Appellant's assignment of error is well-taken.

The judgment is reversed and the cause is remanded to the trial court for proceedings consistent with this opinion.

*Judgment accordingly.*

KRUPANSKY, P.J., and MARKUS, J., concur.